UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LENA COLAMARINO, on behalf of herself and others similarly situated | : : : | Case No. 3:22-cv-61 |
| Plaintiff, | : : | JUDGE |
| v. | : : | |
| HANNAH'S SOUTHERN BISTRO, LLC | : : | PLAINTIFFS' COMPLAINT |
| AND | : : | |
| THOMAS "TOMMY" MCCOY, JR, | : : | |
| Defendants. | : | |

## PRELIMINARY STATEMENT

1. This action is brought by Lena Colamarino to recover unpaid minimum wage compensation from her employers—Defendants Hannah's Southern Bistro, LLC and Thomas McCoy, Jr (collectively "Defendants.")

2. Defendants employed Plaintiff as an hourly employee and has failed to pay Plaintiff any wage for her hours worked.

3. Upon information and belief Defendants have employed numerous non-exempt employees who have not been paid the statutory minimum wage.

4. Plaintiff brings this action under the (1) as an opt-in collective action on behalf of herself and all similarly situated individuals for violations of the Federal Fair Labor Standards Act, 29 U.S.C §201, *et seq.* ("FLSA"); (2) on behalf of themselves and a class of others pursuant to Section 34a of Article II, Ohio Constitution and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code §4111.01, *et seq.*; and (3) on behalf of themselves and a class of others pursuant Ohio Rev. Code §4113.15

1

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C §1331 due to the claim made under the FLSA.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) to hear Plaintiffs' state law claims.

7. Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C §1391, because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiffs**

8. Plaintiff is a resident of this judicial district. Plaintiff Smith worked for Defendants from February 7 to 10, 2022.

9. Plaintiff brings this action on behalf of herself and all other similarly situated individuals ("FLSA Collective") pursuant to the FLSA, 29 U.S.C §216(b), Plaintiff and the FLSA Collectives were, or are, employed by Defendants as a non-exempt employees subject to Defendants' pay policies, and work or have worked for Defendants during the applicable statutory period.

10. Plaintiff and the FLSA Collective are current and former non-exempt employees of Defendants within the meaning of the FLSA and were employed by Defendants within three years of the date this Complaint was filed. *See* 29 U.S.C. §255(a).

11. Plaintiff also brings this action under Ohio Rev. Code §4111 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff and the putative Rule 23 Classes were employed by Defendants in Ohio during the applicable statutory period.

**Defendants**

12. Defendant Hannah's Southern Bistro, LLC is an Ohio limited liability company operating two locations in Piqua and Lima, Ohio.

13. Defendant Thomas "Tommy" McCoy, Jr., is, upon information and belief, the sole owner, officer, director, and/or shareholder of Defendant Hannah's Southern Bistro, LLC. He is responsible for the employment policies complained of herein.

14. Upon information and belief, Defendants' gross annual sales made or business done has been in excess of $500,000 at all relevant times.

15. At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA §§203(d) and 203(s). Defendants are also "employers" under Ohio Rev. Code. §4111.03.

16. Defendants operate in interstate commerce by, among other things, ordering supplies and equipment from various states.

17. Defendants subjected Plaintiff to the same payroll policies and procedures. Upon information and belief, Defendant McCoy is the final step in the grievance procedure available to all employees, resolves all paycheck disputes, and is designated as the person responsible for authorizing overtime for all employees.

## FACTUAL ALLEGATIONS

18. Defendants employed Plaintiff in a non-exempt position and subjected her to Defendants' policy and/or practice of not paying the required minimum wage.

19. Defendants initially hired Plaintiff as an hourly employee for a wage of $14 per hour. When Plaintiff quit her job, Defendant failed to remit a final paycheck for hours worked in the last pay period.

20. Upon information and belief, Defendant routinely and consistently fails to pay wages for the final pay period preceding an employee's quit date.

21. Defendants suffered and permitted Plaintiff to work for wages below the minimum required by federal and state law.

22. Defendants were aware, or should have been aware, that Plaintiff performed non-exempt work that required payment of the minimum wage.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff and the proposed FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

24. Plaintiff files this action on behalf of herself and all similarly-situated individuals.

25. The proposed FLSA Collective is defined as follows:

    All persons who worked as non-exempt employees for Defendants within the past three years and who were not paid the statutory minimum wage for the hours worked during any pay period of their employment.

26. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. §216(b). Plaintiff's signed consent form is attached as Exhibit A.

27. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in Plaintiffs."

28. During the applicable statutory period, Plaintiff and the putative collective members received less than the minimum wage as compensation for their work.

29. Defendants willfully engaged in a pattern of violating the FSLA as described in this Complaint by deliberately devising a scheme to avoid their minimum wage obligations. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255.

30. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of failing to pay the minimum wage and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## OHIO CLASS ALLEGATIONS

31. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

32. Plaintiff (the "Ohio Class Representative") brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and on behalf of the following defined classes:

    All persons who worked as non-exempt employees for Defendants in the past three years and were paid below the minimum wage for their hours worked in violation of section 34a of Article II, Ohio Constitution and Ohio Rev. Code §4111 ("Ohio Class I").

    All persons who worked as employees for Defendants and were not paid the full wages earned by them during any pay period in violation of Ohio Rev. Code §4113.15 ("Ohio Class II").

33. Numerosity: Upon information and belief, the proposed Ohio Class is so numerous that joinder of all members is impracticable. The Ohio Class Representatives are informed and believe, and on that basis allege, that during the applicable statutory period, Defendants employed over 20 people who satisfy the definition of the proposed Ohio Class.

34. Typicality: The Ohio Class Representatives' claims are typical of the members of the Ohio Class. The Ohio Class worked unpaid overtime hours similar to the Ohio Class Representatives, and both the Ohio Class Representatives and the Ohio Class were subject to Defendants' policies and practices of failing to pay appropriate overtime compensation.

35. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the defendants.

36. Adequacy: The Ohio Class Representatives will fairly and adequately protect the interests of the Ohio Class and have retained counsel experienced in wage and hour class and collective action litigation.

37. Commonality: Common questions of law and fact exist to all members of the Ohio Classes and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether Defendants improperly classified and treated the Ohio Class Representative and the members of the Ohio Classes as exempt from Ohio wage and hour laws;

    b. Whether Defendants unlawfully failed to pay appropriate overtime compensation to the Ohio Class Representative and the members of the Ohio Classes in violation Ohio wage and hour laws;

    c. Whether Defendants' actions were willful; and

    d. The proper measure of damages sustained by the Ohio Class Representative and the Ohio Classes.

38. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the Ohio Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

39. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Classes predominate over any questions only affecting individual

members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Ohio Classes the pay to which they are entitled. The damages suffered by the individual Ohio Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

40. Plaintiffs intend to send notice to all members of the Ohio Classes to the extent required by Rule 23. The names and addresses of the members of the Ohio Classes are available from Defendants.

41. In the alternative, Plaintiff files this action on behalf of herself and all similarly-situated individuals as a collective action to recover monies owed to them under section 34a of Article II, Ohio Constitution, Ohio Rev. Code § 4111.01, *et seq.*, and/or Ohio Rev. Code §4113.15 along the same class and collective distinctions previously alleged.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE
### (On behalf of Plaintiff and the FLSA Collective)

42. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

43. The FLSA, 29 U.S.C. §206, requires employers to pay non-exempt employees the federal minimum wage ($7.25 per hour) for all hours worked.

44. Defendants often suffered and permitted Plaintiffs to work for less than the federal minimum wage.

45. Defendants violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs at the required minimum wage.

46. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs suffered a loss of income.

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

### COUNT II – VIOLATION OF OHIO REV. CODE §4111.01, *ET SEQ.*
### UNPAID MINIMUM WAGE
### (On behalf of Plaintiff and the Ohio Class I)

48. Plaintiff and the Ohio Class I restate and incorporate by reference the above paragraphs as if fully set forth herein.

49. Ohio Rev. Code §4111.02 requires employers to pay the minimum wage specified in Section 34a of Article II, Ohio Constitution.

    a. The minimum wage in Ohio for 2019 was $8.55 per hour;

    b. The minimum wage in Ohio for 2020 was $8.70 per hour;

    c. The minimum wage in Ohio for 2021 was $8.80 per hour;

    d. The minimum wage in Ohio for 2022 is $9.30 per hour.

50. Section 34a of Article II, Ohio Constitution makes employers who violate its provisions liable to the affected employees in the amount of back wages, an additional two times the amount of the back wages as damages, costs, and attorneys' fees.

51. Defendants violated Ohio Rev. Code §4111.02 by regularly and repeatedly failing to compensate Plaintiffs at the required minimum wage.

52. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Ohio Class I have suffered a loss of income, attorneys' fees and costs.

### COUNT III – VIOLATION OF OHIO REV. CODE §4113.15
### FAILURE TO PAY PROMPT WAGES
### (On behalf of Plaintiff and the Ohio Class II)

53. Plaintiff and the Ohio Class II restate and incorporate by reference the above paragraphs as if fully restated herein.

54. Ohio Rev. Code §4113.15 requires employers to pay employees all of their wages earned by them on a semi-monthly basis.

55. Ohio Rev. Code §4113.15 makes employers who violate its mandate liable to the affected employees in the amount of unpaid wages and an additional amount of the greater of $200 or 6% of the unpaid wages.

56. Defendants violated Ohio Rev. Code §4115.13 by regularly and repeatedly failing to compensate the Ohio Class Representative and the Ohio Class II in full on a semi-monthly basis.

57. As a result of Defendants' actions, Plaintiff and the Ohio Class II have suffered a loss of income.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, the FLSA Collective, and Ohio Classes pray for judgment against Defendants as follows:

1. Judgment that Plaintiff, the FLSA Collective, and Ohio Classes are non-exempt employees entitled to protection under the FLSA and Ohio state law;

2. Judgment against Defendants for violation of the minimum wage provisions of the FLSA and Ohio state law;

3. Judgment that Defendants violations of the FLSA and Ohio state law were willful;

4. An award to Plaintiff, the FLSA Collective, and Ohio Classes of unpaid wages owed, and liquidated damages under federal and state law;

5. An award of post-judgment interest;

6. An award of reasonable attorneys' fees and costs; and

7. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

                                                Respectfully submitted,

                                                */s/ Matthew S. Okiishi*
                                                Stephen E. Imm (0040068)
                                                Matthew S. Okiishi (0096706)
                                                FINNEY LAW FIRM, LLC
                                                4270 Ivy Pointe Blvd., Suite 225
                                                Cincinnati, Ohio 45245
                                                (513) 943-5678
                                                (513) 943-6659
                                                (513) 943-6669 (fax)
                                                stephen@finneylawfirm.com
                                                matt@finneylawfirm.com